# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| MONTGOMERY COUNTY | § | |
| AUTO AUCTION and EDWARD | § | |
| CANTU | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0807 |
| | § | |
| CENTURY SURETY COMPANY and | § | |
| GEORGE PUCKETT d/b/a PUCKETT | § | |
| AUTO SALES, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiffs have filed a Motion to Remand [Doc. # 4] pursuant to 28 U.S.C.

§ 1447. Plaintiffs argue that Defendant Century Surety Company has failed to meet

its burden of proof on the issue of fraudulent joinder, on which Defendant's Notice

of Removal [Doc. # 1] was based. Defendants have not filed a response to Plaintiffs'

Motion, which was filed on April 2, 2008, and the time to do so has expired. *See* S.D.

TEX. LOC. R. 7.3, 7.4. Having considered the Motion, the applicable legal authorities,

and all matters of record, the Court concludes that the Motion should be **granted** and

this case remanded to 221st Judicial District Court of Montgomery County, Texas.

# I.   <u>BACKGROUND</u>

In the tort suit underlying the case at bar, Juana Lorena Arvizu, individually and on behalf of her minor child, sued Montgomery County Auto Auction ("MCAA"), George Puckett d/b/a Puckett Auto Sales ("Puckett"), and Edward Cantu for $2,050,000 in damages resulting from an automobile accident in which Arvizu and her child allegedly sustained serious bodily injuries.  Plaintiffs alleged that Cantu, the driver of another vehicle, negligently caused the accident, which occurred on February 21, 2006.  Puckett was the owner of the vehicle driven by Cantu, and MCAA was Cantu's employer.  Plaintiffs alleged that Cantu had authorization from Puckett to operate the vehicle, and was acting within the course and scope of his employment for MCAA, when the accident occurred.[1]

MCAA and Cantu then filed a separate state suit for declaratory judgment against Puckett and Century Surety Company ("Century").  Century had issued an insurance policy to Puckett for the period February 27, 2005, through February 27, 2006.  Plaintiffs alleged that they are entitled to defense and indemnity under the Century insurance policy for claims brought in the underlying tort suit.[2]

---

[1]     Plaintiffs' First Amended Original Petition, *Arvizu v. Montgomery County Auto Auction, et al.*, District Court of Montgomery County, Tex., 359th Judicial District (Exhibit A to Notice of Removal [Doc. # 1]).

[2]     Plaintiffs' Original Petition for Declaratory Relief, *Montgomery County Auto Auction et al.* (continued...)

On March 12, 2008, Defendant Century removed the declaratory judgment action to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441(b).[3]  Century argues that diversity jurisdiction exists because Defendant Puckett, a Texas business, was fraudulently joined in order to defeat diversity jurisdiction.  Century argues that Plaintiffs merely seek a declaration of their rights under the Century insurance policy issued to Puckett, but have not alleged a cause of action against Puckett.

Plaintiffs' Motion to Remand relies upon Century's Disclosure of Interested Parties, filed in this Court on March 28, 2008, which identifies Puckett as a party "with a financial interest in the outcome of this case."[4]  Defendants have not responded to the Motion.

## II.  **APPLICABLE LEGAL STANDARDS**

### A.  **Removal Jurisdiction**

Federal jurisdiction is limited.  The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction.  *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v.*

---

[2]  (...continued)
*v. Century Surety Co. et al*, District Court of Montgomery County, Tex., 221st Judicial District (Exhibit B to Notice of Removal [Doc. # 1], at 21-28).

[3]  Notice of Removal [Doc. # 1].

[4]  Defendant Century Surety Company's Disclosure of Interested Parties [Doc. # 3], at 1.

*Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).  Thus, the burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.  *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).  The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns."  *Frank*, 128 F.3d at 922; *see Manguno*, 276 F.3d at 723.

In evaluating the propriety of removal, this Court must evaluate all factual allegations in the light most favorable to Plaintiff, must resolve all contested issues of fact in favor of Plaintiff, and must resolve all ambiguities of controlling state law in favor of Plaintiff.  *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (citations omitted).

### B.    Fraudulent Joinder

The Fifth Circuit has stressed that a removing party asserting fraudulent joinder bears a "heavy burden."  *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997).  To prove that a non-diverse defendant has been fraudulently joined for the purpose of defeating diversity jurisdiction, the removing party must demonstrate either actual fraud in the pleading of jurisdictional facts or the inability of the plaintiff to establish

a cause of action against the non-diverse party in state court.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Travis v. Irby*, 326  F.3d  644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

In *Travis,* the Fifth Circuit recognized some confusion in the Circuit regarding the description of the fraudulent joinder standard.  *Id.*  The *Griggs* court stated that the removing party must prove "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court."  *Griggs*, 181 F.3d at 699.  However, the *Griggs* court added that "we must determine whether there is any reasonable basis for predicting" whether the plaintiff can establish a claim against the non-diverse party in state court.  *Id.*  Significantly, the Fifth Circuit stated in *Travis* that there is no gap between the "no possibility" and "reasonable basis" standards, and confirmed that the proper inquiry is whether there is a reasonable basis for predicting that state law would impose liability on the non-diverse party under the facts pled.  *Travis*, 326 F.3d at 648; *see also Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

In making a fraudulent joinder determination, the Court may consider "summary judgment-type" evidence in the record.  *Travis*, 326 F.3d at 649. The Court must take into account all unchallenged factual allegations in the light most favorable

to plaintiff, and must resolve any ambiguity in state law in plaintiff's favor. *Id.* The *Travis* court reiterated that "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Id.*

## III.  ANALYSIS

Century assets in its Notice of Removal that Plaintiffs have alleged no cause of action against Defendant Puckett.[5]  Plaintiffs respond that the Disclosure of Interested Parties, filed by Century, reveals Puckett's financial interest in the case,[6] and cite to the Texas Declaratory Judgment Act, which provides, "When declaratory relief is sought, all persons who have or claim ***any*** interest that would be affected by the declaration ***must*** be made parties."[7]

In light of Plaintiffs' evidence, Defendant Century, which has filed  no opposition to Plaintiffs' Motion to Remand, has failed to meet its "heavy" burden to show fraudulent joinder.[8]  Plaintiffs therefore are entitled to remand of this case to Texas state court.

---

[5]      Notice of Removal [Doc. # 1] (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004)).

[6]      Defendant Century Surety Company's Disclosure of Interested Parties [Doc. # 3] (listing Puckett as a party with a financial interest in the outcome of the case).

[7]      TEX. CIV. PRAC. & REM. CODE § 37.006(a) (emphasis added).

[8]      *Travis*, 326 F.3d at 649.

IV.    **CONCLUSION**

For all of the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 4] is **GRANTED**.  This case is remanded to the 221st Judicial District Court of Montgomery County, Texas.

SIGNED at Houston, Texas, this 29th day of **April, 2008**.

Nancy F. Atlas
United States District Judge